ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SYLVESTER WILSON,                                                             Case No.: 17-cv-1960

                       Plaintiff,

                                                                                          COMPLAINT
       -against-                                                                  JURY DEMAND

THE CITY OF NEW YORK and DETECTIVE
ROBERT FRANCIS,

                       Defendants.
-----------------------------------------------------------------------X

       Plaintiff, SYLVESTER WILSON, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

      1.     This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK and POLICE OFFICER ROBERT FRANCIS, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

      2.     Plaintiff, ANDRE KEENE, alleges that on or about September 20, 2016, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, using excessive force in effecting the arrest of Plaintiff, causing irreversible and irreparable physical injury to the Plaintiff, and negligence in the hiring

and retaining of incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C Section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff SYLVESTER WILSON, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a

municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER ROBERT FRANCIS was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER ROBERT FRANCIS was assigned to the 71st precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER ROBERT FRANCIS.

12. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful

propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

14. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

16. At all times relevant to this action, Plaintiff resided at 487 Carlton Avenue, Brooklyn, New York 11238.

17. The Plaintiff is a Vietnam veteran.

18. At all times relevant herein the Plaintiff was permanently disabled.

19. At all times relevant herein the Plaintiff left leg was 6 ½ inches shorter than his right leg.

20. At all times relevant herein the Plaintiff walked with the assistance of a cane.

21. In or about June of 2016, the Plaintiff observed DETECTIVE ROBERT FRANCIS issuing a summons to the driver of a "dollar van."

22. That Plaintiff SYLVESTER WILSON stated the following to DETECTIVE ROBERT FRANCIS: "He is a hard working person. What you are doing is wrong."

23. That DETECTIVE ROBERT FRANCIS walked over to the Plaintiff and forcibly pushed the Plaintiff in the chest area causing him to fall onto the sidewalk.

24. The Plaintiff then went to the 71st precinct to make a report of the incident.

25. That the Lieutenant and Sergeant of the 71st precinct advised the Plaintiff that they would need a badge number or name of the officer in order to make a report. Plaintiff was not in possession of said information.

26. On September 20, 2016, at approximately 12:00 p.m. the Plaintiff observed DETECTIVE ROBERT FRANCIS at 294 Utica Avenue, Brooklyn, New York.

27. That the Plaintiff took out is mobile telephone for the purposes of talking a picture of DETECTIVE ROBERT FRANCIS.

28. That DETECTIVE ROBERT FRANCIS covered his badge with a newspaper and turned his head away from the camera.

29. That DETECTIVE ROBERT FRANCIS walked into a clothing store called "Portabella" located at 294 Utica Avenue, Brooklyn, New York.

30. That Plaintiff walked into Portabella and asked DETECTIVE ROBERT FRANCIS "why are you hiding your badge."

31. In response, DETECTIVE ROBERT FRANCIS stated "now you are trespassing."

32. DETECTIVE ROBERT FRANCIS then grabbed the Plaintiff and forcibly brought him outside of Portabella.

33. DETECTIVE ROBERT FRANCIS then sprayed the Plaintiff's face with pepper spray.

34. DETECTIVE ROBERT FRANCIS then punched and kicked the Plaintiff about his body.

35. The Plaintiff was handcuffed and directed into the back seat of a marked police car.

36. EMS came to the scene and DETECTIVE ROBERT FRANCIS advised them that the Plaintiff could only be treated at the 71st precinct.

37. The Plaintiff was then transported to the 71th precinct.

38. That EMS personnel arrived at the 71st Precinct to rinse out the Plaintiff's eyes.

39. The Plaintiff was photographed and finger printed at the 71st precinct and relocated to a jail cell.

40. As a result of the injuries sustained from DETECTIVE ROBERT FRANCIS, at approximately 11:00 p.m. on September 20, 2016, the Plaintiff began experiencing pain in his ribs.

41. That an officer of the 71st precinct called EMS to treat the plaintiff.

42. At approximately 11:45 p.m., EMS removed the plaintiff from the 71st precinct and relocated him to Kings County Hospital where he was treated for his injuries.

43. Upon being discharged from Kings County Hospital, the Plaintiff was relocated to central booking in Kings County.

44. While Plaintiff was in the Defendants' custody, Defendant advised the Office of the Kings County District Attorney's Office that:

    a. The Plaintiff was trespassing at Portabella and the custodian of the store asked the Plaintiff to leave;

    b.    That the Plaintiff spit at Defendant DETECTIVE ROBERT FRANCIS;

    c.    That the Plaintiff flailed his arms and kicked Defendant DETECTIVE ROBERT FRANCIS.

45.    These allegations were false and Defendant DETECTIVE ROBERT FRANCIS knew the statements to be false at the time that they were made.

46.    Defendant DETECTIVE ROBERT FRANCIS forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

47.    On September 21, 2016, the Plaintiff was arraigned on the criminal court complaint in Brooklyn Criminal Court under Docket No.: 2016KN056240.

48.    The complaint alleged that the plaintiff committed the following acts: Resisting Arrest in violation of Penal Law § 205.30; Attempted Assault in the Third Degree in violation of Penal Law § 110/120.00(1); Criminal Trespass in the Third Degree in violation of Penal Law § 140.10(A); Trespass in violation of Penal Law § 140.05; and Harassment in the Second Degree in violation of Penal Law § 240.26(1).

49.    At arraignment the Plaintiff was released on his own recognizance.

50.    On January 4, 2017, the People of the State of New York moved the criminal court for an order of dismissal. The case was dismissed and sealed by Hon. Joy Campanelli.

51.    As a direct and proximate result of the action of the Defendant's THE CITY OF NEW YORK and DETECTIVE ROBERT FRANCIS, Plaintiff was physically assaulted, resulting in irreparable physical and mental injury.

52. As a direct and proximate result of the actions of THE CITY OF NEW YORK and DETECTIVE ROBERT FRANCIS, Plaintiff was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately two days.

53. Defendant DETECTIVE ROBERT FRANCIS acted with malice in arresting Plaintiff on false charges and causing the Plaintiff to be prosecuted on charges the Defendant knew were false.

54. Defendant DETECTIVE ROBERT FRANCIS brought charges against Plaintiff and purposely misused his Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize himself for his unlawful, unconstitutional arrest of Plaintiff and his use of excessive force and gratuitous acts of violence against Plaintiff.

55. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

56. As a direct and proximate result of defendant's actions, Plaintiff was arrested and detained for a time amounting to a period lasting approximately two days for criminal charges without just cause.

57. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

58. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

59. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

60. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(DEFENDANT DETECTIVE ROBERT FRANCIS)

61. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-60 of this complaint, as though fully set forth therein.

62. On September 20, 2016 at approximately 12:00 a.m., in the vicinity of 294 Utica Avenue, Brooklyn, New York, Defendant DETECTIVE ROBERT FRANCIS without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of Plaintiff such that Plaintiff was injured.

63. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff.

64. By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

65. The acts and conduct of Defendant DETECTIVE ROBERT FRANCIS, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT (DETECTIVE ROBERT FRANCIS)

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1-65 of this complaint as though fully set forth therein.

67. The actions of defendant DETECTIVE ROBERT FRANCIS, and acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

68. By these actions, the individual defendant has deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

69. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: MALICIOUS PROSECUTION
### (DEFENDANT DETECTIVE ROBERT FRANCIS)

70. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-70 of this complaint, as though fully set forth therein.

71. That Defendant DETECTIVE ROBERT FRANCIS initiated and continued a criminal proceeding against the Plaintiff.

72. That the criminal proceeding terminated in the Plaintiff's favor based on the dismissal on motion by the People of the State of New York.

73. That Defendant DETECTIVE ROBERT FRANCIS lacked probable cause for commencing the proceeding as the Plaintiff never committed a criminal act.

74. That Defendants DETECTIVE ROBERT FRANCIS commenced the criminal proceeding against the Plaintiff with malice.

75. As a result of the foregoing, the Plaintiff is entitled to damages for his conviction and incarceration.

### SEVENTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

76. Plaintiff repeats and realleges the allegations contained in paragraphs 1-76 of this complaint and though fully set forth therein.

77. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

78. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

79. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

80. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to

evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

81.  This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity. These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75

(Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009).

82. Additionally, the CITY OF NEW YORK knew or should have known, more specifically of Defendant DETECTIVE ROBERT FRANCIS' propensity to engage in misconduct of the type alleged herein. Upon information and belief, the CITY OF NEW YORK was aware of numerous claims of constitutional violations involving Defendant POLICE OFFICER ROBERT FRANCIS.

83. That Defendant DETECTIVE ROBERT FRANCIS has been a defendant in several police misconduct cases including but not limited to: Fogle v. City of New York, et al., 10-cv-01398 (ARR) (RML); Johnson v. City of New York, et al., 13-cv-05391 (NGG) (JO) (claim of assault and battery); Braitewaite v. City of New York, et al., 09-cv-02188 (NGG) (ALC) (claim of assault and battery).

84. Upon information and belief, the plaintiff's allegation of unlawful conduct by Defendant DETECTIVE ROBERT FRANCIS in Fogle v. City of New York, et al., 10-cv-01398 (ARR) (RML) was sustained in the Civilian Complaint Review Board Proceeding.

85. Upon information and belief, Defendant DETECTIVE ROBERT FRANCIS was recently arrested and charged with public lewdness, endangering the welfare of a minor, and criminal trespass.

86.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

87.     The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

88.     The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

89. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

90. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff SILVESTER WILSON requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
       April 5, 2017

_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100